**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: September 8 2011

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 10-36998 |
| | ) | |
| Matthew R. McCrory, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### MEMORANDUM OF DECISION REGARDING MOTION FOR TURNOVER

This case is before the court after a hearing held on the Chapter 7 Trustee's Motion for Turnover ("Motion") [Doc. # 19], and Debtor's response [Doc. #20]. The Trustee seeks an order pursuant to 11 U.S.C. § 542 directing Debtor to turn over non-exempt 2010 federal and state income tax refunds.

The primary issue presented is whether Debtor has an interest in the entire $8,000 first-time homebuyer credit refunded to him and his non-debtor spouse after filing their joint 2010 federal income tax return. A second issue presented is whether Debtor's non-debtor spouse has any interest in the total income tax refund received by them since no taxes were withheld from her income. The parties agreed that there are no facts in dispute. After the hearing, the Trustee was granted leave to, and did, submit the parties' calculations of the alternative turnover amounts based upon their respective arguments. [Doc. # 24].

The district court has jurisdiction over this Chapter 7 case pursuant to 28 U.S.C. § 1334(a) as a case under Title 11. It has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 84-1 of the United States District Court for the Northern District of

Ohio. Proceedings involving the turnover of property of the bankruptcy estate are core proceedings that the court may hear and determine under 28 U.S.C. § 157(b)(1) and (b)(2)(E). The matter at issue is one that "stems from the bankruptcy itself" that is within this court's jurisdiction to decide. *Stern v. Marshall*, –U.S.–, 131 S. Ct. 2594, 2618 (2011).

For the reasons that follow, the Trustee's Motion will be granted in part and denied in part by separate order of the court.

## FACTUAL BACKGROUND

The relevant facts are straightforward. On October 13, 2010, Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Real Property shown on his bankruptcy Schedule A includes his residence purchased in 2010 for $110,000 and owned jointly with his non-debtor wife. [Doc. # 1, p. 8/50]. Personal property listed on his bankruptcy Schedule B includes a 2010 income tax refund in an unknown amount. [*Id.* at 11/50]. Debtor and his wife filed joint federal and state income tax returns for 2010. Their federal return discloses total adjusted gross income of $35,422.00, of which 96.65%, or $34,237.00, is attributed to wages earned by Debtor and $1,185.00 is attributed to business income of his wife, who is self-employed.[1] [Doc. # 20, Ex. B attached thereto]. Their total tax liability shown on their return is $180.00. [*Id.*]. The joint tax return also reflects certain payments/credits applied against their total liability as follows:

| | |
|---|---:|
| Federal Income tax withheld from Forms W-2 and 1099 | $ 2,585.00 |
| Making work pay credit | 800.00 |
| Earned income credit | 2,724.00 |
| Additional child tax credit | 2,511.00 |
| First-time homebuyer credit | 8,000.00 |
| Total payments/credits | $16,620.00 |

[*See id.*, lines 61-72]. "Federal income tax withheld" in the amount of $2,585.00 represents funds withheld from Debtor's wages only. His wife's income was not subjected to federal income tax withholding and she made no federal estimated income tax payments in 2010. [*See id.*, line 62].

Debtor and his wife received postpetition income tax refunds in the total amount of $16,865.00. This amount includes a federal tax refund of $16,440.00, $8,000 of which is attributed to the First-Time Homebuyer Credit and a state tax refund in the amount of $425.00. Debtor's state of Ohio income tax return

---

[1] Debtor's wife earned business income of $1,275.00. This amount, less self-employment tax of $90.00, yields an adjusted gross income for her in the amount of $1,185.00

is not part of the record before the court.

The Trustee asserts that Debtor must turn over to her as property of the estate from the tax refunds either $8,513.07 or $8,818.34, depending on which of two methods proposed by her is used to calculate the turnover amount. Both methods use as the basis for computing the amount due to the estate the amount of $11,630.00, computed as follows: the federal tax refund of $16,440.00 plus the state refund of $425.00, minus both the earned income credit of $2,724.00 and the additional child tax credit of $2,511.00. The first method then multiplies $11,630.00 by the percentage of the 2010 total adjusted gross income attributed to Debtor, or .9665, which results in a number ($11,240.39) that is then multiplied by .7835 to determine the amount prorated to the October 13, 2010, date of filing of $8,806.84. The Trustee then deducts the unused exemption available to Debtor in the amount of $293.77 to reach the amount of $8,513.07 to be turned over to the bankruptcy estate.

The second method eliminates the calculation relating to the percentage of the total adjusted gross income attributed to Debtor. According to the Trustee, the basis for eliminating this calculation is the fact that no taxes were withheld from the self-employment income of Debtor's wife. Thus, the Trustee simply multiplies the base amount of $11,630.00 by .7835 to determine the prorated amount of $9,112.11 and subtracts the unused exemption of $293.77 to reach the alternative amount of $8,818.34 to be turned over to the bankruptcy estate.

Debtor does not contest the Trustee's math or the application of available exemptions. Nor does Debtor contest the *pro rata* division of the refund between pre-petition and post-petition earnings. Rather, Debtor asserts that the Trustee improperly includes $4,000.00 of the first-time homebuyer credit that is attributable to his wife in her calculation of the refund that is attributable to him. Thus, Debtor asserts that the Trustee's base amount of $11,630.00 should be reduced by $4,000.00, for a base amount of $7,630.00. Debtor's calculation then reduces that amount by multiplying it by .9665 to reflect his percentage of the 2010 total adjusted gross income, which number ($7,374.39) he then multiplies by .7835 to determine the prorated amount of $5,777.84. From this amount he subtracts his unused exemption of $293.77 to reach the amount of $5,484.07 to be turned over to the Trustee.

## LAW AND ANALYSIS

Under 11 U.S.C. § 542(a), "an entity . . . in possession, custody, or control, during the case, of property that the trustee may use . . .under section 363 of this title. . . shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit

to the estate." An action to recover money or property generally requires an adversary proceeding. Fed. R. Bankr. P. 7001(1). Rule 7001(1) provides an exception if the proceeding, as is the case here, is brought by a trustee to compel the debtor to deliver property to the trustee. *Id.* Such relief can be sought by motion. *See* Fed. R. Bankr. P. 9014. And while a turnover action by motion is generally appropriate only when the debtor has possession of the property of the estate in issue, when the property sought to be turned over is money, a debtor can be ordered to turnover an equivalent amount of cash. *E.g., In re Gentry*, 275 B.R. 747, 751 (Bankr. W.D. Va. 2001).

The burden of proof is on the party seeking turnover. *United States v. Chalmers (In re Wheeler),* 252 B.R. 420, 425 (W.D. Mich. 2000). In order for the Trustee to prevail, the Trustee must demonstrate that the property is property the trustee may use under § 363; that is, it must be property of the estate. *See id.*;11 U.S.C. § 363(b)(1) (providing that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, *property of the estate*" ); *In re Osterwalder*, 407 B.R. 291, 294 (Bankr. N.D. Ohio 2008). "Property of the estate" broadly includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Under § 541(a)(1), a tax refund that is received post-petition is property of the estate if it is attributable to events occurring during prepetition years, *Benn v. Cole (In re Benn)*, 491 F.3d 811, 813 (8th Cir. 2007), as is the case here. While state law determines a debtor's property interest in the property in issue, *see Butner v. United States*, 440 U.S. 48, 54-55 (1979), "'the extent to which a debtor's interest in property creates 'property of the estate' for turnover is a question of federal law.'" *Demczyk v. The Mutual Life Ins. Co. of New York (In re Graham Square, Inc.)*, 126 F.3d 823, 831 (6th Cir. 1997)(quoting *In re Amdura Corp.* 167 B.R. 640, 644 (D. Colo. 1994)).

Under Ohio law, subject to certain exceptions not applicable in this case, neither spouse "has any interest in the property of the other." Ohio Rev. Code § 3103.04; *see In re Toland,* 346 B.R. 444, 448 (Bankr. N.D. Ohio 2006)(court finds no basis to read the term "interest" in § 3103.04 as other than complementary to the term "interest" in § 2329.66). Thus, where an overpayment of a tax obligation results in a tax refund that derives solely from one debtor's income, courts applying Ohio law, including this court, have found that the debtor's spouse has no property interest in the refund. *In re Taylor*, 22 B.R. 888, 890-91 (Bankr. N.D. Ohio 1982); *In re Smith*, 77 B.R. 633, 635 (Bankr. N.D. Ohio 1987); *In re McEachern*, No. 04-23263, 2005 WL 2792369, *2, 2005 Bankr. LEXIS 2140, *4-5 (Bankr. N.D. Ohio Sept. 6, 2005); *see In re Smith*, 310 B.R. 320, 323-24 (Bankr. N.D. Ohio 2004). Courts have so found notwithstanding the fact

that a joint return was filed and the refund check is made jointly payable to both the husband and wife. *In re Taylor*, 22 B.R. at 891; *see In re Smith*, 310 B.R. at 323 ("The fact that the checks name both Debtors as payees, and thus are not transferable without the working spouse's signature, does not alter the underlying property rights in any of the proceeds."); *United States v. Macphail*, 149 Fed. Appx. 449 (6th Cir. 2005) (finding in a non-bankruptcy context that "a joint income tax return does not create new property interests for the husband or the wife in each other's income tax overpayment"); *McClelland v. Massinga*, 786 F.2d 1205, 1210 (4th Cir. 1986) (same); *cf. In re Garbett*, 410 B.R. 280 (Bankr. E.D. Tenn. 2009) (finding that both spouses had an exemptible interest in a federal income tax refund where the trustee failed to rebut the presumption under Tennessee law that personal property acquired after marriage is held by both spouses as tenants by the entireties).

In *In re Taylor*, the court explained:

> Although joint federal tax filings are authorized by 26 U.S.C. Section 6013(a) of the Internal Revenue Code, 26 U.S.C. Section 6013(a) does not affect the ownership of property rights in the federal refund check proceeds. A basic purpose of 26 U.S.C. Section 6013(a) is to equalize the tax burden of married couples in common law and community property states. 26 U.S.C. Section 6013(a) does not propose, nor does it imply, that any property rights in the proceeds are altered by a joint federal income tax filing. . . . Similarly, O.R.C. Section 5711.14, which permits the filing of joint Ohio tax returns, does not, by its own terms, alter property rights in any joint refunds, and this Court perceives no ground for so implying.

*In re Taylor*, 22 B.R. at 890.

Thus, the court must determine the extent of Debtor's interest in the 2010 income tax refund at issue and, in particular, in the $8,000.00 first-time homebuyer credit. According to the Trustee, because Debtor's wife paid no tax withholding, she has no interest in the tax refund. For the reasons that follow, the court disagrees.

### A. First-Time Homebuyer Credit

The first-time homebuyer credit allowed under 26 U.S.C. § 36 is a refundable credit, that is, it is not limited by the amount of tax otherwise owed by the taxpayer. Rather, the credit is defined by the Internal Revenue Code as a tax overpayment to the extent that the amount allowed as a credit exceeds the individual's tax liability, and the taxpayer receives that amount as a tax refund. 26 U.S.C. § 6401(b). The credit equals ten percent of the purchase price of the residence, with a maximum credit of $4,000.00 allowed for a married individual filing a separate return and $8,000.00 if filing a joint return. 26 U.S.C. § 36(a) and (b)(1). A taxpayer's income affects the amount of the credit only if it exceeds $125,000, or $225,000 in the case of a joint return. 26 U.S.C. § 36(b)(2).

In this case, an $8,000.00 first-time homebuyer credit was allowed only because Debtor and his wife

filed a joint tax return. Had they each individually filed a separate return, they each would have been entitled to a $4,000 credit, notwithstanding that Debtor's wife paid no withholding or estimated taxes for the 2010 tax year. *See In re Hraga*, – B.R. –, 2011 WL 2652266, *3, 2011 Bankr. LEXIS 2517, *9-10 (Bankr. N.D. Ga. June 3, 2011) (stating that an irrebuttable presumption that a joint tax return is owned in proportion to the amount of tax withholdings is not appropriate where one spouse contributed all of the withholdings, but the other spouse is entitled to the first-time homebuyer tax credit that generated or contributed to the refund). Because her income would have resulted in no tax liability, Debtor's wife would have been refunded the entire $4,000. Thus, the court finds that Debtor's wife has an interest in $4,000 of the $8,000 first-time homebuyer credit that was refunded. Her interest is not property of the estate subject to turnover to the Trustee. Likewise, Debtor's interest in the refunded credit is limited to $4,000.

### B. Proper Calculation of Debtor's Interest in the Tax Refund

While the court agrees with Debtor's argument that his interest in the first-time homebuyer credit is limited to $4,000.00, it disagrees, at least in part, with his proposed calculation of the amount to be turned over to the Trustee as property of the estate. Debtor's calculation includes only 96.65% of the refund amount that is attributed to withholding taxes and to $4000.00 of the first-time homebuyer credit, both of which are properly entirely attributed to him.

Federal income taxes were withheld from Debtor's wages in the amount of $2,585.00. As discussed above, there was no tax withheld from his wife's income, and her income alone resulted in no tax liability. The tax liability of $180.00 shown on Debtor's federal tax return is derived solely from his income. Consequently, Debtor has an interest in the entire portion of the tax refund attributed to overpayment of withholding taxes, which portion totals $2,405.00 ($2,585.00 less $180.00).

The remaining portions of the total tax refund subject to the turnover calculation include the Making Work Pay Credit of $800.00 on Debtor's federal return and a $425.00 state income tax refund. The parties have not specifically addressed the proper calculation of Debtor's interest in either, and the record is silent as to the computation of the state tax refund. As it is the Trustee's burden to demonstrate that the funds are property of the estate, the court will apply only 96.65% of those amounts in determining the total funds to be turned over as suggested by Debtor. *Cf. In re Evans*, 449 B.R. 827, 832 (Bankr. N.D. Ga. 2010) ("Since the Making Work Pay Credit ("MWPC") is a percentage of a taxpayer's earned income, it seems reasonable to apply the same percentage . . . to determine the relative contributions to the MWPC").

In summary, the court calculates the tax refund amount that is properly attributed to Debtor and that must be turned over to the Trustee as follows:

Overpayment of withholding                      $2,405.00

| | |
|---|---|
| First-time homebuyer credit | 4,000.00 |
| Making Work Pay Credit ($800 x .9665) | 773.20 |
| State tax refund ($425 x .9665) | <u>410.76</u> |
| | $7,588.96 |
| Prorated percentage due the estate | <u>x  .7835</u> |
| | $5,945.95 |
| Less Debtor's unused exemptions | <u>(293.77)</u> |
| Total amount to be turned over: | $5,652.18 |

The court will enter a separate order in accordance with this memorandum of decision.